IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NUMBER 19-415 |
| | : | |
| JAAN KRUUS, JR. | : | |

**DEFENDANT'S MOTION FOR PRETRIAL RELEASE WITH CONDITIONS**

Jaan Kruus, Jr., by his attorney, Mark Wilson, Assistant Federal Defender, moves that the Court grant him release from custody pending trial and in support of this Motion it is averred that:

1. Jaan Kruus, Jr., is a fifty-five year old man with no convictions. He resides in Emmaus, Pennsylvania, with his parents who are 80 and 84 years old. Approximately eight years ago he met a woman who suffers from myotonic dystrophy and is wheel-chair bound. He has taken care of her since that time and for the past one-and-a-half years they have lived together with her parents. His parents due to the infirmities of age are unable to provide the physical help that Mr. Kruus' friend requires.

2. Beginning in 1999 and for more than a decade thereafter Mr. Kruus was employed at a Penske Logistics facility in or near Allentown. He rose to the level of assistant manager. Sometime at the end of the first decade of this century he learned that Penske had plans to move the work from the facility in Pennsylvania to a location overseas. Mr. Kruus began to feel stress and frustration at the impending loss of his job. Not long after that the Penske office in the Allentown area was closed down and approximately twenty-eight people who had been employed there lost their jobs. Mr. Kruus has been unable to find other work. Now his time is occupied with taking care of his disabled female friend.

3. In late September 2018 Mr. Kruus received a target letter from the United States Attorney's Office in this District with respect to the 2017 on-line communications that are the subjects of the Indictment in this matter. On November 1, 2018, he made an appearance before Magistrate Henry S. Perkin seeking the appointment of counsel. Magistrate Perkin determined that Mr. Kruus was so eligible and appointed the Federal Community Defender for the Eastern of Pennsylvania. The undersigned counsel was assigned to represent Mr. Kruus. Mr. Kruus has been in regular contact with the undersigned counsel since that time.

4. The Indictment in this matter was filed on July 18, 2019. The appointed counsel for Mr. Kruus was not notified of the filing of the Indictment in order to arrange for Mr. Kruus' voluntary appearance before the Magistrate. The next day, July 19, 2019, Mr. Kruus was arrested and brought before Magistrate Henry S. Perkin. The government requested his detention and a psychiatric/psychological evaluation. Magistrate Perkin granted both requests.

5. On July 26, 2019, Mr. Kruus was evaluated by Jeffrey E. Summerton, Ph.D., a psychologist who is regularly retained by United States Pretrial Services and United States Probation Offices to perform psychological evaluations, when ordered by the Court in the Eastern District of Pennsylvania. Dr. Summerton's report was received by United States Pretrial Services and counsel on August 1, 2019. Much of the report is based on testing that Dr. Summerton administered during the evaluation. Dr. Summerton ultimately concluded that Mr. Kruus could benefit from mental health counseling.

6. The Court shall only detain a defendant pretrial upon a finding that there is no condition or combination of conditions that would reasonably assure the appearance of the defendant as required or the safety of any other person and the community. 18 U.S.C. § 3142(e)(1). In Mr.

Kruus' case there is a combination of conditions that would *reasonably* assure the appearance of the defendant as required and the safety of any other person and the community.

      7.    Mr. Kruus is charged with sending two emails that have been alleged to be threatening communications. These emails were sent in the early half of 2017. Later in that year he was confronted by FBI agents about the emails. There is no evidence prior to this or after the visit from the agents to indicate that Mr. Kruus ever intended to act on any threat or that he has sent any other messages containing any threats. The agents did not arrest him at that time, even though he had allegedly admitted sending the emails. Two years have passed since the emails in question were sent. The concerns about the safety of other persons that was raised byh the government in its detention motion do not appear to have been so urgent as to cause the government to act earlier to have him detained. Mr. Kruus has resided with his parents for most of that time. He has continued to provide round-the-clock care for his female friend. His lifestyle is simple. He spends nearly all of his time at his parents' residence except when he is visiting a doctor or taking his friend to her medical appointments or on her errands. He has no convictions. In its argument for detention the government relies heavily on a crumpled note purportedly in Mr. Kruus' handwriting that was found in a wastebasket in 2011 by his then and still estranged wife. The note uses the verbs "kill" and "bomb" in the imperative voice with various objects including his parents, two neighbors, and law enforcement officials. He was investigated by the local police regarding that writing and was not charged. Nothing has come of the writing in the following eight years. While it appears that Mr. Kruus may have anger management issues from the proffered writings and based upon the testing done by Dr. Summerton, there has never been any harmful acting out. He has lived with his parents for a year-and-half most recently. There is no evidence of any violence or oral threats. His parents, in fact, have indicated to United States Pretrial Services that he is

welcome back in their residence and that he is needed to take care of his friend, something they are not physically able to manage. Dr. Summerton has recommended to the Court that Mr. Kruus receive mental health counseling and he has further reported that Mr. Kruus agreed that he would cooperate with such counseling.

8. The government asserts that Mr. Kruus faces a potential sentencing guideline range of 10 – 16 months, if he is convicted. That guideline range would drop to 6 – 12 months following an acceptance of responsibility. The latter range is in Zone B of the Sentencing Table. Following a plea of guilty he could therefore be eligible for community confinement rather than additional incarceration. The potential deprivation of liberty is not so great as to create a desire to flee prosecution. Indeed, in the only prior scheduled court hearing in this matter, back on November 1, 2018, Mr. Kruus readily appeared. Additionally, Mr. Kruus is without the means to flee prosecution and his principal focus in life appears to be the care of a disabled woman who is not very mobile.

9. The Court can impose conditions upon Mr. Kruus' release that would reasonably assure both his future appearance in court and the safety of others. He can be released to continue to reside with his parents, where he has been peaceably residing. A curfew can be imposed. His travel can be restricted to this District, unless he had prior permission from his supervising Pretrial Services officer to travel outside of the District. Most importantly he could be required to participate in mental health counseling and treatment as established by United States Pretrial Services and could be required to follow any prescribed course of medication. Although there is no indication that drug or alcohol abuse is an issue for Mr. Kruus, United States Pretrial Services could be authorized to get him into treatment, if it is later deemed necessary.

WHEREFORE Jaan Kruus, Jr., respectfully requests that the Court grant him release with appropriate conditions as outlined herein and such other conditions as the Court may deem appropriate following a hearing on this Motion.

    Respectfully submitted,

    /s/ Mark Wilson
Mark Wilson
Assistant Federal Defender

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CRIMINAL NUMBER 19-415** |
| | : | |
| **JAAN KRUUS, JR.** | : | |

### O R D E R

AND NOW this          day of                    , 2019, upon consideration of the Defendant's Motion for Pretrial Release with Conditions, the government's opposition thereto, and the evidence adduced at a hearing on the Motion, it is hereby **ORDERED** that the Motion is **GRANTED**. Jaan Kruus, Jr., shall be released upon the following conditions:

1. He shall execute an own recognizance bond in the amount of $10,000.

2. He shall reside with his parents at 981 N. Seventh Street Circle, Emmaus, PA 18049. He shall not change his residence without prior notification to and approval from United States Pretrial Service.

3. He shall not commit any violation of the laws of the United States, nor of any local laws or ordinances.

4. He shall not possess a firearm or any explosive device, nor shall any firearm or explosive device be present in the structure in which he resides.

5. He shall participate in mental health counseling and treatment as deemed appropriate by United State Pretrial Services and he shall comply with any prescribed course of medication.

6. If United States Pretrial Services determines that treatment or counseling for alcohol or substance abuse is appropriate, he shall comply with any treatment arranged by United States Pretrial Services.

7. He shall surrender any passport that he possesses and he shall not attempt to obtain a passport during the pendency of this case.

8. He shall be subject to a curfew beginning at 8 p. m. each evening and continuing until 7 a.m. the next morning.

SO ORDERED:

JOSEPH F. LEESON, JR., J.
United States District Court